UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN BURKE and ELIZABETH BURKE,

                Plaintiffs,

    v.

                                       COMPLAINT

NASSAU COUNTY,

                Defendant.

------------------------------------------------------------------------X

       Plaintiffs, by their attorney, James M. Maloney, as and for their complaint against the above-named defendant, declare as follows:

## JURISDICTION

       1. This action arises under the Constitution of the United States. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and has the authority and power to render the declaratory and equitable relief sought herein pursuant to the provisions of 28 U.S.C. § 2201-2202. **No money damages are sought.** This Court has supplemental jurisdiction over any state law claims arising under these pleadings pursuant to the provisions of 28 U.S.C. § 1367. This action is also brought pursuant to the provisions of 42 U.S.C. § 1983.

       2. Venue is properly placed in this District pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) because defendants reside within this District as defined by 28 U.S.C. § 1391(c)(2), because the events or omissions giving rise to the claims herein occurred within this District, and because the property that is the subject of the action (i.e., Plaintiff's handguns, which are currently and indefinitely in Defendant's exclusive possession) is situated within this District.

## PARTIES

       3. At the commencement of this action and at all times hereinafter mentioned, Plaintiffs

JOHN BURKE and ELIZABETH BURKE are a husband and wife who are natural persons, citizens of the United States, and residents of the State of New York, of the County of Nassau, and of this District.

4. At the commencement of this action and at all times hereinafter mentioned, Defendant was and is a county within the State of New York, and is the entity that is to be sued in actions relating to the Nassau County Police Department and to the Nassau County Pistol License Section.

**FACTUAL BACKGROUND**

5. Plaintiff JOHN BURKE (hereinafter, "JOHN") held a valid pistol license in Nassau County since 1992 and legally acquired numerous handguns since then.

6. On December 19, 2017, JOHN was involved in an incident at a bank where police were called to the scene. JOHN was not arrested and no charges were filed against him, but the terms of having a pistol license in Nassau County required him to report to the Nassau County Police Pistol License Section any incident which involved the licensee to which the police responded. JOHN never reported the incident and, as a result, his license was suspended pending an investigation.

7. JOHN voluntarily turned over all his handguns to Defendant pending the investigation, and those handguns remain in the sole custody and control of Defendant, which has prevented JOHN even from taking reasonable step to ensure taht they are not damaged or destroyed by rust, corrosion, or mishandling.

8. JOHN has repeatedly sought relief in state court, namely, the Supreme Court of the State of New York, County of Nassau (hereinafter, "State Court"). His first petition was denied

by the Honorable Leonard D. Steinman of that court. By short form order dated December 15, 2021, Judge Steinman determined that the suspension was not a final determination and that the petition was therefore premature. At that time, some four years after the suspension, the investigation had still not been completed and a final determination had not been. By letter to the Nassau County Police Department, dated December 22, 2021, JOHN demanded, though counsel, a final agency determination. When no response was received within three months, JOHN brought his second petition. By short form order dated July 1, 2022, the State Court denied the petition as premature, with leave it renew it if JOHN did not receive a determination by the end of 2022. JOHN did not receive a determination, and his third petition in State Court ensued.

9. JOHN remained deprived of his Second Amendment rights and of his handguns (i.e., his property) throughout that time and to the present day, and also without benefit of due process as required under the Fifth Amendment.

10. JOHN's third petition, captioned JOHN BURKE, Petitioner v. NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and PATRICK RYDER (Supreme Court, Nassau Co.) (Index No. 603856/22), eventually resulted in a Final Order dated May 15, 2023 (Hon. James P. McCormack) (hereinafter, the "Final Order"), which granted his petition to the extent that Respondents (including the Defendant herein) "will provide [JOHN] with the final determination, in writing, within 30 days of being served with notice of entry of this order. Failure to comply will be interpreted as the investigation being concluded in [JOHN]'s favor, and with [JOHN] being granted immediate restoration of his rights to possess firearms in Nassau County."

11. The Final Order was, by its own terms, self-executing.

12. Respondents (including the Defendant herein) were duly served with notice of entry

of the Final Order.

13. Respondents (including the Defendant herein) nevertheless failed to restore JOHN's rights to possess firearms in Nassau County or to return his handguns to him.

14. Instead, Respondents (including the Defendant herein) in or about March 2024 sent JOHN a "Notice of Pistol License Revocation" dated March 21, 2022 (i.e., a year earlier) purporting to revoke his longstanding pistol license on the basis that he had "failed to maintain a demeanor of Good Moral Character during his tenure of possessing a Nassau County pistol license."

15. The Notice of Pistol License Revocation dated March 21, 2022, stated that any appeal must be made within ten days of the date of Notice of Pistol License Revocation, which time had run about a year before JOHN first received the Notice of Pistol License Revocation.

16. When JOHN, though counsel, contacted the Nassau County Pistol License Section, he was told that his time to appeal the Notice of Pistol License Revocation had run.

17. The Notice of Pistol License Revocation failed to reflect that any proper investigation had been performed.

18. The standard of "good moral character" as applied by Defendant as an official policy is arbitrary and capricious.

19. The standard of "good moral character" as applied by Defendant as an official policy is unconstitutional under the United States Constitution, namely the Second, Fifth, and Fourteenth Amendments.

20. The application of the standard of "good moral character," as applied by Defendant as an official policy under the circumstances present here, has deprived, and continues to deprive JOHN of his property with due process of law as required by the Fifth Amendment to the United

States Constitution.

21. Plaintiff ELIZABETH BURKE (hereinafter, "ELIZABETH") has also been deprived of her right to keep and bear arms in that her husband's handguns are no longer available to defend and protect the home they share.

22. As the United States Supreme Court has stated, the right to defend one's home is at the core of the Second Amendment.

23. ELIZABETH reserves the right to amend this Complaint as provided by Rule 15 of the Federal Rules of Civil Procedure as the facts and circumstances relating to her own pistol license, which was also suspended, further develop. Currently pending in State Court is ELIZABETH's petition, captioned ELIZABETH BURKE, Petitioner v. NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and PATRICK RYDER (Supreme Court, Nassau Co.) (Index No. 620174/2023), which has to date resulted in and Order dated July 10, 2024 (Hon. Lisa A. Cairo).

24. The aforementioned Order in ELIZABETH's case granted her petition "to the extent that the Respondent Nassau County Police Department shall issue [a] final determination concerning its investigation and suspension of Petitioner's pistol license within 60 days of the date [t]hereof."

25. Respondent Nassau County Police Department (which is subsumed by Defendant herein) to date has failed to issue a final determination concerning its investigation and suspension of ELIZABETH's pistol license despite that fact that the 60 days has run.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 25 as if fully set forth herein.

27. Defendants' actions have deprived Plaintiffs of their rights as secured by the Second, Fifth, and Fourteenth Amendments to the United States Constitution, for which Plaintiffs seek declaratory and equitable relief.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 25 as if fully set forth herein.

29. Defendants' actions have deprived Plaintiff JOHN BURKE of his rights as secured by the Fifth Amendments to the United States Constitution in that he has been deprived of property without due process of law, for which Plaintiff JOHN BURKE seek declaratory and equitable relief.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

    (1) assume jurisdiction over this action and over the parties; and

    (2) award Plaintiffs declaratory and equitable relief

    Plaintiffs additionally pray for such other, further, and different relief as this Court may deem just and proper.

Dated: September 11, 2024
    Port Washington, New York

                                            /s/
                                 JAMES M. MALONEY (JM-5297)
                                 Attorney for Plaintiff
                                 Law Office of James M. Maloney
                                 33 Bayview Avenue
                                 Port Washington, New York 11050
                                 (516) 767-1395
                                 maritimelaw@nyu.edu
                                 jmaloney@sunymaritime.edu