ADMITTED TO PRACTICE IN COURTS
OF THE STATE OF NEW YORK;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
EASTERN DISTRICT OF TEXAS,
DISTRICT OF NEW JERSEY,
NORTHERN DISTRICT OF FLORIDA,
NORTHERN DISTRICT OF ILLINOIS,
DISTRICT OF CONNECTICUT, AND
NORTHERN, SOUTHERN & EASTERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY

33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395

E-MAIL ADDRESS:
maritimelaw@nyu.edu

July 18, 2025

Hon. Steven Tiscione
United States District Court for the
Eastern District of New York

Re: Burke v. Nassau County
24-cv-6392

(via ECF)

Dear Judge Tiscione:

    I represent the plaintiffs in the above-captioned action. I write to provide a status report, which has been reviewed and approved by Defendant's counsel. As the Court is aware, this action is essentially a *Monell* declaratory judgment action that challenged the constitutionality of the "good moral character" standard on behalf of plaintiff John Burke, whose pistol license, which he had held since 1994, had been revoked based on the putative application of that standard, in or about March 2023. However, Second Circuit case law has made that constitutional challenge no longer viable unless and until the Supreme Court addresses the "good moral character" standard.

    Since the last conference before Your Honor, the parties have discussed the possibility of settlement by restoring Mr. Burke's revoked license. Defendant's position is that Mr. Burke would need to apply for a new license. After careful consideration, Mr. Burke has elected not to do so.

    Given that a non-*Monell* §1983 action relating the March 2023 revocation is not yet time-barred, it is the plaintiff's intention to file a new action, and requests that the Court place this action on the suspense docket in the interim. Defendant does not object to the request of suspension of this docket and defers to the Court on that issue.

Respectfully,

James M. Maloney